**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:**<br><br>**Perry Everett Adler,**<br><br>**Debtor.** | **Case No. 25-12714-BFK**<br><br>**Chapter 11** |

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or, in the alternative, dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
michael.t.freeman@usdoj.gov

5. The Debtor owns multiple vehicles, including a 2009 Humvee valued at $100,000.00 and a 2022 Harley-Davidson Fat Boy motorcycle valued at $20,000.00 ("Vehicles"). Upon information and belief, there are no liens on the Vehicles.

6. The Harley-Davidson motorcycle was not disclosed in Schedule A/B.

7. The Debtor has not provided certificates of insurance for these Vehicles to the U.S. Trustee.[1]

**Argument**

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). "Cause" includes the failure to maintain appropriate insurance that poses a risk to the estate or to the public.

Here, "cause" exists to grant the requested relief under section 1112(4)(C) for the failure to provide insurance policies on the Vehicles, which poses a risk to the estate. The Debtor has failed to provide to the U.S. Trustee proof of insurance coverage on the Vehicles. Lack of insurance is one of the biggest concerns for a case where insurance is essential to preserve the assets and protect the bankruptcy estate. Under § 1112(b)(4)(C) cause exists for "failure to maintain appropriate insurance that poses a risk to the estate or to the public". The Debtor has not provided proof of insurance showing that he has adequate insurance on the Vehicles, which would protect the estate and pose risk to the estate. This is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist

[1] The Debtor stated via email on February 20, 2026 that he has obtained insurance on the motorcycle but as of the date of filing of this Motion has not provided any proof of insurance.

that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

Date: February 25, 2026

MATTHEW W. CHENEY
Acting United States Trustee, Region 4

By: <u>*/s/ Michael T. Freeman*</u>

Michael T. Freeman
Va. Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
Michael.T.Freeman@usdoj.gov

**Certificate of Service**

I hereby certify that on February 25, 2026, I electronically filed the foregoing Motion with the Clerk of the Court and served it on the parties listed below who are registered Users of the CM/ECF system, by the Notice of Electronic filing generated by the Court's ECF system:

Robert Sergio Brandt brandt@brandtlawfirm.com,
G36549@notify.cincompass.com;lgray@brandtlawfirm.com

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Jack Frankel jack.i.frankel@usdoj.gov,
USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

Wendy A Locke bkecfinbox@aldridgepite.com, wlocke@ecf.inforuptcy.com

I further certify that on February 25, 2026, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

Perry Everett Adler
6528 Cavalier Drive
Alexandria, VA 22307

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist