**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:**<br><br>**Perry Everett Adler,**<br><br>**Debtor.** | **Case No. 25-12714-BFK**<br><br>**Chapter 11** |

**U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. trustee"), by counsel, moves this Court to convert this chapter 11 case to chapter 7 or, in the alternative, dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
michael.t.freeman@usdoj.gov

5. As identified on the Debtor's Schedule A/B, the Debtor owned multiple exotic animals[1] on his property located in Arizona.

6. At the continued 341 Meeting of Creditors held on February 20, 2026, the Debtor stated that around the beginning of February 2026, he gave away numerous non-farm animals that were listed on his Schedules and did not receive any compensation for the animals. The Debtor estimated that the wholesale value of the animals was approximately $85,000, and the retail value of the animals was between $140,000-$160,000.

7. On April 13, 2026, the Debtor filed a Motion for Sale of Property ("Sale Motion"). Doc. No. 43. Pursuant to the Sale Motion, the Debtor owns substantial personal property described on Schedule A/B as "high end clothing consisting of Louis Veton clothes, handbags, and luggage set, and similar for Prada, clothes and bags, and same for Gucci, clothes and bags, and extensive amount of designer clothing."

8. The Debtor disclosed in the Sale Motion that he has already sold some personal property without court approval. On January 15, 2026, the Debtor obtained $5,089 after selling cowboy boots, a leather trenchcoat, Stetson riding shirts, scarves, sweaters and a jacket. The U.S. Trustee objected to the sale motion as did the main creditor in the case, Amaryllis, Inc. At the hearing on May 5th for argument on the Motion, debtor's counsel failed to appear and the motion was denied.

**Argument**

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

[1] Non-farm animals listed on Schedule A/B include 2 water buffalo, 4 watusi cattle steer, mini donkey, mini horse, 7 longhorn, Zebu, American Bison, 3 black angus, 6 red angus, 3 bison, and 14 horses. See Doc. No. 31 at p. 5.

Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). As specifically enumerated in section 1112(b)(4) and present in this case, "cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

In this case, there is a diminution of assets of the estate. The Debtor has transferred approximately $85,000 worth of non-farm animals to other parties for zero consideration. The Debtor also sold various high-end clothing without proper court disclosure or approval.

Additionally, there continues to be substantial losses to the estate. The monthly operating reports show net losses for the past three months since the case was filed:

| Month | Receipts | Disbursements | Net | Ending Cash |
|---|---|---|---|---|
| Dec. 2025 | $159.00 | $12,190.00 | ($12,031.00) | $12,429.00 |
| Jan. 2026 | $18,811.00 | $23,677.00 | ($4,866.00) | $7,563.00 |
| Feb. 2026 | $1,000.00 | $2,702.00 | ($1,702.00) | $2,643.00 |
| March 2026 | $757.00 | $3,057.00 | ($2,300.00) | $342.00 |

Further, the debtor indicated at the Section 341 Hearing that his intention was to sell the property located at 33425 W. Cowboy Clint Way, Seligman, Arizona, which is scheduled with a value of $3,500,000. The Schedules indicate that the property is currently listed for sale and three liens exist against the property: Union Home Mortgage Co. for $559,039; Amaryllis, Inc. for $3,900,000; and Fitzgerald All-State Bail Bond for $75,000. The case has been pending since December 29, 2025, and no application to employ a relator has been filed to further the sale of the property or evidence that the property is being marketed.[2] The Debtor also testified that he intends on selling the property located at 6528 Cavalier Drive, Alexandria, VA, but no actions have been taken to further that sale process.

[2] Debtor testified that the pre-bankruptcy listing agreement was with Sotheby's. Counsel indicated that the agreement was expiring in March. The agreement has not been provided to the U.S. Trustee.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

Date: May 6, 2026

MATTHEW W. CHENEY
Acting United States Trustee, Region 4

By: */s/ Michael T. Freeman*

Michael T. Freeman
Va. Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
Michael.T.Freeman@usdoj.gov

**Certificate of Service**

I hereby certify that on May 6, 2026, I electronically filed the foregoing Motion with the Clerk of the Court and served it on the parties listed below who are registered Users of the CM/ECF system, by the Notice of Electronic filing generated by the Court's ECF system:

Joshua Dylan Bradley jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com

Robert Sergio Brandt brandt@brandtlawfirm.com,
G36549@notify.cincompass.com;lgray@brandtlawfirm.com

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Jack Frankel jack.i.frankel@usdoj.gov,
USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

Wendy A Locke bkecfinbox@aldridgepite.com, wlocke@ecf.inforuptcy.com

I further certify that on May 6, 2026, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

Perry Everett Adler
6528 Cavalier Drive
Alexandria, VA 22307

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist