**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

PERRY EVERETT ADLER,

　　　　　Debtor.

Case No. 25-12714-BFK
Chapter 11

**ORDER TO SHOW CAUSE WHY CASE**
**SHOULD NOT BE CONVERTED OR DISMISSED**
**(POSSIBLY WITH PREJUDICE)**

The Court finds it appropriate to enter this Order pursuant to 11 U.S.C. § 105(a). On December 29, 2025, the Debtor filed a Voluntary Petition Under Chapter 11 with this Court. Docket No. 1. The Debtor, an individual, is the owner of two properties, one in Seligman, AZ, and one in Alexandria, VA. Docket No. 31, Schedule A/B. The Debtor has represented to the Court that the properties must be sold to fund his Plan. Docket No. 43, p. 2 ("The selling of these properties is necessary because the Debtor is not employed at this time and he cannot afford to retain these properties.") Despite the fact that the Debtor has been in bankruptcy for five months, he has not moved for the approval of the employment of a realtor for either property. *See* 11 U.S.C. § 327(a).

The Debtor has filed his Monthly Operating Reports through March. The March Monthly Operating Report states that the Debtor had cumulative receipts of $20,727.00 and total disbursements of $41,623.00 for the first three months of the case, indicating a net loss of over ($20,000.00). Docket No. 47, p. 2. He has had a cumulative net cash loss of ($3,883.00) during the first three months of the case from sales outside the ordinary course of business (the Court does not know what these sales are, and has not approved the sale of any property in this case). *Id.* The

bank statement attached to the February Monthly Operating Report suggests that the Debtor is dependent on his wife for support. Docket No. 42 (Funds Transfers from Jintana Adler).

The Debtor filed a Motion to Authorize the Consignment of Personal Property, to which both the U.S. Trustee and a creditor objected. Docket Nos. 43, 45, 46. Neither the Debtor nor Debtor's counsel appeared at the hearing on this Motion on May 5, 2026, and the Motion was denied.

The only progress that has been made in the case to date is when the Court approved the Debtor's Application to Employ counsel to defend him against criminal charges in Arizona. Docket No. 40. Other than that, the case appears to be more about delay than a genuine attempt at reorganizing the Debtors' finances. The Court, therefore, will set the case for a status hearing, <u>at which both the Debtor and Debtor's counsel must be present.</u>

It is therefore **ORDERED**:

1.      The case is set for a status hearing as to why the case should not be converted to Chapter 7 or dismissed (possibly with prejudice) on **<u>June 2, 2026, at 11:00 a.m.</u>** Both the Debtor and Debtor's counsel must be present.

2.      Debtor's counsel shall file a Status Report addressing the Court's concerns, above, by **May 26, 2026**.

3.      The Clerk will mail copies of this Order, or will provide CM-ECF notice of the same, to the parties below.

Date: May 6 2026

Alexandria, Virginia

Copies to:

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: May 6 2026

2

Perry Everett Adler
6528 Cavalier Drive
Alexandria, VA 22307
*Chapter 11 Debtor*

Robert Sergio Brandt
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel to Debtor*

Michael T. Freeman
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee's Office*