**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **In re:** | ) |
|  | ) |
|  | ) **Case No. 25-12714-BFK** |
| **Perry Everett Adler,** | ) **Chapter 7** |
|  | ) |
| **Debtor.** | ) |
|  | ) |
| **Newrez LLC, as Servicer for Deutsche Bank** | ) |
| **National Trust Company as Trustee for** | ) |
| **Harborview Mortgage Loan Trust,** | ) |
| **Mortgage Loan Pass-Through Certificates,** | ) |
| **Series 2006-14,** | ) **Relief from Stay** |
| **Movant,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **Perry Everett Adler, Debtor,** | ) |
| **and** | ) |
| **H. Jason Gold, Trustee,** | ) |
| **Respondents.** | ) |
|  | ) |

**TRUSTEE'S RESPONSE AND OPPOSITION TO**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305)**

H. Jason Gold, Trustee ("Gold" or "Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), by and through the undersigned counsel, respectfully files his *Response and Opposition* to the *Motion for Relief from Automatic Stay* (Docket No. 90) (the "Lift Stay Motion") filed by Newrez LLC, as Servicer for Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14 ("Movant"), and states as follows:

1.      On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57),

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
(703) 684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

the instant case was converted to a case under Chapter 7 of the Bankruptcy Code. Gold was appointed trustee on the same date and continues to serve since the meeting of creditors conducted on June 24, 2026.

2. On the Petition Date, the Debtor was the sole owner of improved residential real property located at 6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305, having a legal description of Lot 22, Block E of the subdivision of Parcel 3, Section 1-A, Bucknell Manor, Tax ID No. 0931 23E 0022 (the "Property"). The Property is improved by a single-family residence.

3. Movant filed its *Lift Stay Motion* on July 15, 2026. A preliminary hearing is scheduled for August 12, 2026 at 9:30 a.m. (the "Preliminary Hearing").

4. The lien established by Movant's deed of trust is one of only two liens encumbering the Property. In addition to Movant's senior lien—which has an estimated balance of approximately $379,180 (the "Estimated Payoff Balance")—there is a subsequently recorded and subordinate lien filed by Amaryliss, Inc. ("Amaryliss"), to secure the sum of up to $800,000 under the terms of a *Settlement Agreement and Mutual General Release* dated August 23, 2025, by and between the Debtor and Amaryliss.

5. The Trustee intends to employ Stephen Karbelk as the real estate agent and team leader of RealMarkets and their affiliated broker, Century 21 New Millennium (collectively, "Agent/Broker"), as the Trustee's real estate agent and broker for the purpose of marketing the Property for sale.

6. *Schedule A/B* of the Debtor's *Amended Schedules of Assets and Liabilities* filed herein on March 2, 2026 (Docket No. 31), indicates that the Property has an estimated value of approximately $650,000. The Fairfax County taxed assessed value of the Property in 2026 is approximately $683,000. The Agent/Broker is presently scheduled to inspect the Property, but preliminarily believes that the fair market value of the Property falls somewhere at the lower range of the Debtor's value estimate and the County's tax assessed value estimate.

7. Although there is no equity in the Property, Amaryliss has agreed to allow the Trustee to sell the Property, free and clear of its consensual lien, with an appropriate carveout to be paid to the bankruptcy estate in an amount to be determined.

8.      In the interim, the Trustee believes that Movant is adequately protected by the value of the Property over and above the Estimated Payoff Balance. As such, there should be no urgency to lifting the stay and allowing Movant to proceed with foreclosure efforts.

9.      The Trustee otherwise lacks sufficient information to form a response to any specific allegations in the *Lift Stay Motion* that suggest that cause exists to grant relief from the automatic stay. The Trustee therefore denies all such allegations and demands strict proof thereof.

10.      Based upon the foregoing, the Trustee should be given adequate time and opportunity to pursue his efforts to market and sell the Property.

WHEREFORE, the Trustee respectfully requests that the Court (i) continue the Preliminary Hearing on the *Lift Stay Motion* so as to give the Trustee additional time to market and sell the Property, and (ii) provide such other and further relief as the Court deems just and proper.

Dated: July 23, 2026                                    Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2026, a true copy of the foregoing Response and Opposition was served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by email to the following persons:

Ryan Keesee
McMichael Taylor Gray, LLC
Email: rkeesee@mtglaw.com
Counsel for Movant

Daniel M. Press
Chung & Press, P.C.
Email: dpress@chung-press.com
Counsel for Debtor

/s/ Robert M. Marino
Robert M. Marino

3