**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:** | **)** |
| | **)** |
| | **)  Case No. 25-12714-BFK** |
| **Perry Everett Adler,** | **)  Chapter 7 (Converted)** |
| | **)** |
| **Debtor.** | **)** |

### APPLICATION TO EMPLOY REAL ESTATE AGENT AND LISTING BROKER

H. Jason Gold, Trustee ("Applicant" or "Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), by and through the undersigned counsel, pursuant to 11 U.S.C. §327 and Bankruptcy Rule 2014, respectfully files his Application seeking approval to employ Stephen Karbelk ("Karbelk") (supported by Stephanie Young and Robert Walters) as the real estate agent and team leader of RealMarkets ("Agent") and Agent's affiliated broker, Century 21 New Millennium ("Century 21" or "Listing Broker"), as the Trustee's real estate agent and listing broker, respectively, for the purpose of marketing and selling certain real property more particularly described below, and in support thereof states as follows:

1.     On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 *et seq.* (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57), the instant case was converted to a case under Chapter 7 of the Bankruptcy Code. Applicant was appointed trustee on the same date and continues to serve since the meeting of creditors conducted on June 24, 2026.

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

2.      On the Petition Date, the Debtor was the sole owner of improved residential real property located at 6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305, having a legal description of Lot 22, Block E of the subdivision of Parcel 3, Section 1-A, Bucknell Manor, Tax ID No. 0931 23E 0022 (the "Property"). The Property is improved by a single-family residence.

3.      In order to market and administer the Property for maximum benefit to the estate and its creditors, it is necessary to employ the services of a licensed real estate agent and listing broker.

4.      Based on the foregoing, the Trustee desires to employ Agent and Listing Broker to procure and submit to the Trustee offers to purchase the Property. If the Property is contracted to be sold, Listing Broker shall have earned a brokerage fee, subject to Court approval and conditioned and payable upon the closing of the sale. The listing brokerage fee will be three percent (3.0%) ("Listing Brokerage Fee") of the purchase price. If the buyer is unrepresented, then the Listing Broker shall earn an additional two- and one-half percent (1.0%) ("Additional Listing Broker Commission") of the purchase price. Additionally, the Trustee shall offer a buyer's broker commission of two- and one-half percent (2.5%) of the purchase price that shall be paid to the buyer's broker if the buyer is represented by a broker. The Listing Broker is expressly prohibited from acting as a designated or dual agent in this case unless otherwise authorized by the Court. Payment of the Brokerage Fee and any reimbursable costs shall only be made upon further order of the Bankruptcy Court.

5.      Karbelk has considerable experience and expertise as a real estate agent and auctioneer in the Northern Virginia market where the Property is located and will provide valuable assistance in facilitating a sale of the Property. The Trustee therefore submits that the retention of Century 21, under the terms described herein, is appropriate under Section 327 of the Bankruptcy Code.

2

6.      In order to facilitate the sale of the Property under these circumstances, the Trustee further requests that the Court authorize Agent and its employees to request and obtain verbal and written payoff statements, payment histories, and related information and documents from any secured creditors (or their servicers) in this case, including NewRez LLC (as Servicer For Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14), and Amaryllis, Inc. (collectively, the "Secured Creditors"), and to provide such documents as may be reasonably requested by the Secured Creditors in connection with any sale.

7.      If necessary, Agent is authorized to put all utility accounts, including the electric, gas, water and sewer accounts, into the name of Stephen Karbelk, Stephanie Young or RealMarkets, as Agent for the Trustee. The Agent shall not be responsible for paying past due amounts that were incurred prior to the petition date of the bankruptcy filing. Additionally, the Agent, subject to prior approval by the Trustee, is authorized to incur property maintenance, property preservation, and clean up services and expenses. Subject to a further order and approval of the Court, Karbelk shall be reimbursed for all utility expenses, property maintenance expenses, property preservation expenses and clean up services upon the sale of the Property.

8.      The Agent whom the Trustee proposes to employ has been informed and understands that no sale may be consummated until after notice and a hearing and with Court approval.

9.      In addition, to the extent that the Trustee pursues an alternative disposition of the Property, including a sale of the available equity to the Debtor, the Trustee seeks authority to employ the Agent to advise the Trustee concerning the value of the Property. The advisory services, as requested and required by the Trustee, may include (a) ordering a pre-listing title search, (b) obtaining payoffs from secured creditors, (c) providing a desktop market valuation, (d)

conducting a site inspection (e) preparing an equity analysis, and (f) advising the Trustee and counsel in an equity buyout negotiation (the "Advisory Services"). The Agent and Broker would provide the Advisory Services at the rate of $275/hour, which would only be paid upon further order of the Court.

10.     The Trustee believes that the employment of the Agent and Listing Broker on the terms and conditions provided for herein is in the best interest of the estate.

11.     To the best of the Trustee's knowledge, Agent and Listing Broker have no connection with the Debtor, his creditors or any other party-in-interest in this case, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described in the *Declaration of Stephen Karbelk,* which is filed herewith on behalf of Agent and Listing Broker. Agent and Listing Broker are therefore disinterested persons as that term is defined in section 101(14) of the Bankruptcy Code and satisfy all the requirements for employment as a real estate agent and real estate broker under 11 U.S.C. §327(a).

WHEREFORE, the Trustee respectfully requests the entry of an Order authorizing the employment of the Agent and Listing Broker as the real estate agent and real estate broker in this case under the terms described hereinabove and for such further relief as the Court deems just and proper.

Dated: July 30, 2026                          Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of July, 2026, a true copy of the foregoing Application was sent via email to Michael T. Freeman, Assistant United States Trustee at michael.t.freeman@usdoj.gov, and to all registered users in this case pursuant to this Court's CM/ECF policy.

/s/ Robert M. Marino
Robert M. Marino