**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| **Perry Everett Adler,** | ) | **Case No. 25-12714-BFK** |
| | ) | **Chapter 7 (Converted)** |
| **Debtor.** | ) | |

**TRUSTEE'S APPLICATION FOR EMPLOYMENT OF LIQUIDATION AGENT**

H. Jason Gold, Trustee ("Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), by and through the undersigned counsel, respectfully applies to the Court for entry of an Order authorizing the employment of Local Liquidators, LLC, an Arizona limited liability company ("Local Liquidators" or "Liquidation Agent"), as liquidation agent to the Trustee for the purpose of conducting an online auction sale, private treaty sale, tag sale, or negotiated bulk offer sale of certain tangible personal property more particularly described below, and in support thereof states as follows:

1. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 *et seq*. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57), the instant case was converted to a case under Chapter 7 of the Bankruptcy Code. Applicant was appointed trustee on the same date and continues to serve since the meeting of creditors conducted on June 24, 2026.

2. On March 24, 2026, the Debtor, acting as a debtor in possession while the instant case was pending under Chapter 11 of the Bankruptcy Code, entered into an *Exclusive Auction Agreement* (the "Auction Agreement") with Local Liquidators to conduct auction sales with respect to numerous items of personal property (the "Personal Property") stored at the Debtor's rural residential

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Proposed Counsel for Kevin R. McCarthy, Trustee

real property located at 33425 W. Cowboy Clint Way, Seligman AZ 86337 (the "Seligman Ranch").[1] To compensate Local Liquidators for its services, the *Auction Agreement* provided for the payment of a commission of 10% for all intangible assets, intellectual property and titled vehicles, and 25% for all physical non-titled assets.[2] The Debtor did not disclose the pendency of the instant case to Local Liquidators, nor did he seek or obtain Court approval of the *Auction Agreement*.[3]

3. Acting under the terms of the *Auction Agreement* and without knowledge of the pendency of the instant case, Local Liquidators inventoried and divided the Personal Property for the purpose of conducting four separate online auctions. Two of the four online auctions were completed as follows:

a. On April 30, 2026, Local Liquidators conducted and completed an auction sale of vehicles, tools and sporting goods, Auction ID No. 23324 (the "First Auction"), generating net proceeds of $70,488.77, after commissions of $23,356.22; and

b. On May 7, 2026, Local Liquidators conducted and completed an auction sale of farm, equestrian equipment and other items, Auction ID No. 23422 (the "Second Auction"), generating net proceeds of $50,359.50, after commissions of $16,757.03.

Local Liquidators is presently holding the aggregate sum of $160,961.52, consisting of net sales proceeds of $120,848.27 (the "Net Sales Proceeds") and sales commissions of $40,113.25 (the "Sales Commissions").[4]

4. Following completion of the Second Auction, Local Liquidators was contacted by counsel for Amaryllis, Inc., a secured creditor herein, advising of the pendency of the instant case.

---

[1] On April 28, 2026, Local Liquidators separately entered into an *Exclusive Auction Agreement* with Jintana Adler ("Mrs. Adler"), the Debtor's ex-wife, to sell her own personal property located at the Seligman Ranch.

[2] The *Auction Agreement* also contemplated that Local Liquidators would (i) charge a buyer's premium which would be paid directly by each buyer at the auction, and (ii) collect and pay over to the relevant taxing authorities any applicable sales taxes associated with each sale. Local Liquidators charged each buyer a buyer's premium of 15% of the purchase price for each item sold.

[3] On April 13, 2026, Debtor filed a *Motion for Sale of Property of the Estate Under Section 363* (Docket No. 43) (the "Motion to Consign"), seeking authority to consign certain personal property items with The Real Real, an entity unaffiliated with Local Liquidators. On May 6, 2026, following a hearing conducted on May 5, 2026, the Court entered an *Order* (Docket No. 50) denying the *Motion to Consign* for failure of counsel to appear at the hearing.

[4] Local Liquidators has also received and is holding a total of $24,109.20 ("Buyer's Premiums") in buyer's premiums generated from the First and Second Auction sales and has collected and paid over to relevant taxing authorities the sum of $8,062.41 for sales taxes generated in connection with the sales of taxable items.

Upon learning of the instant case, Local Liquidators immediately ceased all further sale activities and has cooperated with the Trustee in providing full information with respect to all auction efforts, conducted or planned.

5. There remains a substantial amount of unsold Personal Property at the Seligman Ranch (the “Remaining Personal Property”). The Trustee desires to employ Local Liquidators as his Liquidation Agent for the purpose of selling the Remaining Personal Property through an online auction sale, private treaty sale, tag sale, or negotiated bulk offer sale. A separate motion will be filed seeking approval of the sale process to be employed by the Liquidation Agent.

6. The Trustee proposes to engage Local Liquidators under the terms of an *Exclusive Agency Agreement for Liquidation Services* (the “Agency Agreement”). A copy of the proposed *Agency Agreement* is attached and incorporated by reference as Exhibit A. Under the terms of the *Agency Agreement*, the Liquidation Agent’s compensation will be identical to the terms of its *Auction Agreement* with the Debtor: a commission of 10% for all intangible assets, intellectual property and titled vehicles, and 25% for all physical non-titled assets. Liquidation Agent will also be entitled to collect a buyer’s premium of 15% from each buyer and will collect and pay all relevant sales taxes. There are no separate charges for advertising/marketing, labor, shipping/logistics or cleanup/disposal.

7. The employment of Liquidation Agent on the terms and conditions provided for in the *Agency Agreement* is in the best interest of the bankruptcy estate.

8. Liquidation Agent’s connections with the Debtor, his creditors, other parties in interest, the United States Trustee, and anyone employed by the United States Trustee, if any, are stated in the *Declaration* submitted with this *Application* by Gabriel Prado, a principal of Local Liquidators. A copy of the Declaration is attached and incorporated by reference as Exhibit B. Liquidation Agent’s only known connection with the Debtor arises with respect to the *Auction Agreement* and has already been described in detail above. Based on said *Declaration*, the Trustee believes that the Liquidation Agent does not represent any interest adverse to the bankruptcy estate and is a disinterested person within the meaning of 11 U.S.C. § 101(14).

9. As part of the *Agency Agreement*, Local Liquidators has agreed to turn over to the Trustee the Net Sales Proceeds generated from the First and Second Auctions. In turn, the Trustee has agreed to allow Local Liquidators to retain the Sales Commissions and Buyer's Premiums generated in connection with those auction sales. A separate motion seeking ratification of the First and Second Auctions, directing the turnover of the Net Sales Proceeds, and authorizing Local Liquidators to retain the Sales Commissions and Buyers Premiums is being filed contemporaneously with this *Application*.

WHEREFORE, the Trustee respectfully requests that this Court enter an order authorizing the employment of Local Liquidators as Liquidation Agent to the Trustee on the terms set forth herein and provide such other and further relief as is just and proper.

Dated: August 28, 2026

Respectfully submitted,

/s/Robert M. Marino

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of August, 2026, a true copy of the foregoing Application was sent via email to the Office of the United States Trustee at Michael.T.Freeman@usdoj.gov, and via Notice of Electronic Filing to Counsel to Debtor and all registered users in this case pursuant to this Court's CM/ECF policy.

/s/ Robert M. Marino
Robert M. Marino