# EXHIBIT A

Local Liquidators
Auctions - Tag Sales - Buyouts

2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**Exclusive Agency Agreement for Liquidation Services**

This Exclusive Agency Agreement for Liquidation Services (the "**Agreement**") is made and entered into as of the date of the last signature below (the "**Effective Date**"), by and between:

- **H. Jason Gold, Chapter 7 Trustee for Perry E. Adler ("Gold," "Trustee" or "Seller")**, and
- **Local Liquidators, LLC**, an Arizona limited liability company ("**Liquidator**").

Seller and Liquidator are each referred to as a "**Party**" and collectively as the "**Parties**."

**Recitals**

WHEREAS, on December 29, 2025, Perry E. Adler ("Adler" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"), thereby commencing Case No. 25-12714-BFK (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court").

WHEREAS, by *Consent Order* entered in the Bankruptcy Case on May 20, 2026 (the "Conversion Date"), the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code and Gold was appointed as Chapter 7 Trustee for the Debtor in the Bankruptcy Case.

WHEREAS, on March 24, 2026, the Debtor, acting as a debtor in possession while the Bankruptcy Case was pending under Chapter 11 of the Bankruptcy Code, entered into an *Exclusive Auction Agreement* (the "Auction Agreement") with Liquidator to conduct auction sales with respect to numerous items of personal property (the "Personal Property") stored at the Debtor's rural residential real property located at 33425 W. Cowboy Clint Way, Seligman AZ 86337 (the "Seligman Ranch").

WHEREAS, Debtor did not disclose the pendency of the Bankruptcy Case to Liquidator, nor did he seek or obtain Court approval of the *Auction Agreement* in the Bankruptcy Case.

WHEREAS, acting without knowledge of the pendency of the Bankruptcy Case, Liquidator inventoried and divided the Personal Property for the purpose of conducting four separate online auctions, two of which were completed as follows: (i) on April 30, 2026, Liquidator conducted and completed an auction sale of vehicles, tools and sporting goods, Auction ID No. 23324 (the "First Auction"), generating net proceeds of $70,488.77, after commissions of $23,356.22, and (ii) on May 7, 2026, Liquidator conducted and completed an auction sale of farm, equestrian equipment and other items, Auction ID No. 23422 (the "Second Auction"), generating net proceeds of $50,359.50, after commissions of $16,757.03.

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

WHEREAS, Liquidator is presently holding the aggregate sum of $160,961.52 from the First and Second Auctions, consisting of net sales proceeds of $120,848.27 (the "Net Sales Proceeds") and sales commissions of $40,113.25 (the "Sales Commissions").

WHEREAS, Liquidator has also received and is holding a total of $24,109.20 ("Buyer's Premiums") in buyer's premiums generated from the First and Second Auctions and has collected and paid over to relevant taxing authorities the sum of $8,062.41 for sales taxes generated in connection with the sales of taxable items.

WHEREAS, upon learning of the Bankruptcy Case, Local Liquidators immediately ceased all further sale activities and has cooperated with the Trustee in providing full information with respect to all auction efforts, conducted or planned.

WHEREAS, there remains a material and substantial number of items of unsold Personal Property at the Seligman Ranch (the "Remaining Personal Property").

WHEREAS the Debtor's legal and beneficial ownership interest in the Remaining Personal Property constitutes property of the bankruptcy estate in the Bankruptcy Case pursuant to section 541(a)(1) of the Bankruptcy Code; and that all of the Debtor's right, title and interest in the Remaining Personal Property is therefore vested in the Trustee, who has authority to sell said property under the provisions of the Bankruptcy Code.

WHEREAS, Liquidator is in the business of providing professional sales and liquidation services, including marketing, Auctioning, and selling assets on behalf of owners.

WHEREAS, after arms' length discussions, the Trustee, as Seller, has agreed to engage Liquidator as his exclusive agent to handle the marketing, negotiation, and sale of the Remaining Personal Property, and Liquidator has agreed to accept that appointment on the terms and conditions set forth in this Agreement.

WHEREAS, as part of the terms of this engagement, Liquidator has agreed to turn over the Net Sales Proceeds generated from the First and Second Auctions to the Trustee, and Trustee has agreed to permit Liquidator to retain the Sales Commissions and Buyer's Premiums associated with said auctions, subject to approval of the Bankruptcy Court in the Bankruptcy Case.

**Definitions**

- **"Effective Date"** means the date of the last signature below.
- **"Remaining Personal Property"** means any and all assets owned by Seller that Seller elects to have Liquidator attempt to sell that are generally described in Attachment A. The parties agree that Exhibit A shall be amended to reflect a specific inventory of the items of Remaining Personal Property that are to be sold pursuant to this Agreement.
- **"Auction"** means the act of accepting bids, either online or in-person, from prospective buyers and selling the Remaining Personal Property to the highest bidder.

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

- **"Tag Sale"** means placing fixed prices on the Remaining Personal Property and selling them to prospective buyers online or in-person.
- **"Private Treaty"** means an agreement between a prospective buyer and the Seller to purchase all or some of the Remaining Personal Property.
- **"Gross Proceeds"** means the total amount paid by buyers for the Remaining Personal Property, excluding any buyer's premiums, buyer's fees, shipping costs, and Sales Tax.
- **"Net Proceeds"** means Gross Proceeds minus the Commission and all reimbursable Expenses due to Liquidator.
- **"Commission"** means the compensation payable to Liquidator under Section 7.1
- **"Sales Tax"** means any and all federal, state, county, city, or local sales, use, excise, or similar taxes (including any interest or penalties thereon) that are required by applicable law to be collected by Liquidator or Seller in connection with the sale or transfer of the Remaining Personal Property.
- **"Buyer's Premium"** means a fee (15%) the buyer pays to the Liquidator in addition to the Commission that the Liquidator keeps as part of its compensation.
- **"Term"** has the meaning set forth in Section 10.1.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**1. Identification of Seller and Location**

**Owner / Payee Information** (the person or entity to whom Liquidator will remit Net Proceeds):

Seller Name or Company Name: H. Jason Gold, Chapter 7 Trustee for Perry E. Adler in Case No. Case No. 25-12714-BFK, pending in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division
Address: PO Box 57359, Washington DC 20037
Phone: (703) 864-2272 Email: goldtrustee@fiduciaryservicesgroup.com

**Contact Person** (the individual with whom Liquidator will coordinate day-to-day):

Name: Robert M. Marino, Esq., Redmon Peyton & Braswell, LLP
Phone: 703-217-0160 (Cell) or 703-879-2676 (Direct) Email: rmmarino@rpb-law.com

**Location of Assets** ("**Location**"):

Address: 33425 W Cowboy Clint Way Seligman, AZ 86337

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

## 2. Appointment, Authority and Rights

**2.1 Appointment.** Seller, subject to approval of the Bankruptcy Court in the Bankruptcy Case as required below, hereby appoints Liquidator as Seller's exclusive sales agent for the purpose of marketing, negotiating, and selling of certain property described in Attachment A (the "**Remaining Personal Property**"). Liquidator accepts the appointment and agrees to act on Seller's behalf. If Seller receives any purchase offer or inquiry during the Term, Seller acknowledges that it has appointed Liquidator as the sole negotiator and shall immediately refer it to Liquidator.

**2.2 Scope of Authority.** Seller grants Liquidator full power and authority, acting as Seller's agent, to:

(a) market, advertise, and promote the Remaining Personal Property;
(b) negotiate sale terms with prospective buyers;
(c) execute sales contracts, closing documents, and all other instruments necessary to complete sales;
(d) charge and collect Sales Tax on Seller's behalf for remittance to government agencies;
(e) receive all buyer payments (including deposits, purchase prices, Buyer's Premiums, and Sales Taxes) and hold them in Liquidator's account until final settlement;
(f) transfer title and possession of the Remaining Personal Property to buyers; and
(g) take any other actions customarily incident to the sale of assets of this type.

**2.3 Scope of Rights.** Seller grants Liquidator the right to:

(a) use the Bankruptcy Case details and the Location in all advertising, promotional materials, and sale documents;
(b) enter the Location during normal business hours (or at other mutually agreed times) solely to inventory, photograph, catalog, prepare, display, demonstrate, sell, and/or remove the Remaining Personal Property; and
(c) design and implement any sales method Liquidator reasonably believes will maximize net recovery, including online Auctions, Private Treaty sales, Tag Sales, or negotiated Bulk Offer sales.

**2.4 Agency Relationship.** Liquidator is an independent agent and shall not be deemed an employee, partner, or joint venturer with Seller. Liquidator has no authority to bind Seller except as expressly set forth in this Agreement.

**2.5 Standing in Seller's Shoes.** For the purposes of facilitating the sale of the Remaining Personal Property, Liquidator stands in the shoes of the Seller and is authorized to represent Seller as Seller's agent in any and all dealings with prospective buyers and in the preparation and execution of the sales.

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**2.6 Bankruptcy Court Approval.** The terms and conditions of this Agreement are subject to entry of orders of the Bankruptcy Court in the Bankruptcy Case: (i) approving the employment of Liquidator (the "Employment Approval Order"), and (ii) ratifying the First and Second Auctions, directing the turnover of the Net Sales Proceeds to Trustee, and authorizing the retention of the Sales Commissions and Buyer's Premiums by Liquidator (the "Ratification Order").

**3. Duties of the Parties**

**3.1 General Duties.** Labor associated with conducting the sale shall be as follows:

(a) organizing, inventory grouping, taking photos and writing descriptions of the Remaining Personal Property shall be the duty of the ___Liquidator___.

(b) conducting previews and inspections for buyers shall be the duty of the ___Liquidator___.

(c) overseeing the pick up and removal of the Remaining Personal Property by buyers from the Location shall be the duty of the ___Liquidator___.

**3.2 Liquidator's Duties.** Liquidator shall:

(a) use reasonable commercial efforts to solicit buyers and market the Remaining Personal Property;

(b) promote the assets in a manner reasonably calculated to achieve the highest practicable sale prices;

(c) negotiate in good faith;

(d) keep Seller reasonably informed of material developments;

(e) prepare all sale documents including invoices;

(f) collect and account for all proceeds and taxes;

(g) pay all Sales Taxes and provide Seller with proof of payment; and

(h) comply with all applicable laws.

**3.3 Seller's Duties.** Seller shall:

(a) maintain legal possession, custody, and control of the Remaining Personal Property or designate a responsible party. Responsible party shall be H. Jason Gold, Trustee;

(b) continue payments on all utilities, rent, insurance, and other Location expenses or to ensure that they are paid by the responsible party in possession of the Remaining Personal Property;

(c) preserve the Remaining Personal Property in their current condition (reasonable wear and tear excepted);

(d) provide accurate information about the Remaining Personal Property including working condition, damage, needed repairs, liens and other material information;

(e) cooperate fully with Liquidator and buyers, including permitting inspections and removal of purchased Remaining Personal Property by buyers;

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

(f) execute any documents required to transfer clear title; and
(g) satisfy or arrange for the satisfaction of all liens, encumbrances, and back taxes or back personal property taxes prior to or at the time of sale.

**4. Ownership, Custody, and Risk**

**4.1 Title and Ownership.** Seller warrants that it has the legal right to sell the Remaining Personal Property, free and clear of all liens, encumbrances, claims, and adverse interests, except as may be disclosed in writing to Liquidator, subject to obtaining entry of an Order by the Bankruptcy Court in the Bankruptcy Case expressly authorizing the Trustee to sell the Remaining Personal Property free and clear of all liens, encumbrances, claims and adverse interests ("Sale Approval Order"). Seller is not aware of any other party having any right, claim, or interest in the Remaining Personal Property that would impair Seller's ability to transfer full title to a buyer. Seller shall retain title until each Liquidation Asset is sold. Title passes directly from Seller to the buyer upon payment and/or delivery, whichever Liquidator elects. Liquidator never takes title or ownership of the Remaining Personal Property. Liquidator holds a security interest in the assets equal to all unpaid commissions, fees, and expenses until paid in full.

**4.2 Possession and Custody.** Unless stated otherwise in this section below, Seller shall retain full possession of Remaining Personal Property at the Location throughout the entire sales process, up until the time Liquidator transfers possession to one or more buyers. Seller shall be responsible for the safekeeping, maintenance and security of the Remaining Personal Property. Liquidator shall not take legal possession, custody, or control of the Remaining Personal Property.

**4.3 Risk of Loss.** Seller bears all risk of loss, damage, or deterioration of the Remaining Personal Property prior to transfer of title and/or ownership to a buyer.

**5. Pricing and Sale Methods**

**5.1 Auction Reserves.** Unless otherwise mutually agreed between Seller and Liquidator in this Agreement or in writing, all Remaining Personal Property will have a starting bid of $5 which will be the base reserve for the Remaining Personal Property ("**Base Reserve**"). A reserve higher than the Base Reserve may be placed on specific lots and must be agreed to between Seller and Liquidator prior to the auction commencing ("**Reserve**"). Except as otherwise provided in this Agreement, in the event any Liquidation Asset receives a bid at or exceeding the Base Reserve or Reserve, Seller is deemed to have irrevocably accepted such bid. If a lot does not meet or exceed the Base Reserve or Reserve amount, the lot will be deemed not sold and ownership will remain with Seller, and no money for that lot will be owed to Seller by Liquidator, unless Liquidator is able to sell the lot for an amount acceptable to Seller.

Local Liquidators
Auctions - Tag Sales - Buyouts

2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**5.2 Post-Auction Cash Sales.** For any auction lots with a Base Reserve of $5 that do not receive a bid, Seller permits Liquidator to cash sale those lots for any amount possible to facilitate a sale and removal of such lots.

**5.3 Private Treaty and Bulk Offer Sales.** In the event that Liquidator or Seller receives a Private Treaty or Bulk Offer for the Remaining Personal Property, Liquidator will negotiate with the buyer on the Seller's behalf and communicate with Seller regarding the negotiations. Seller will have the right to accept or reject any Bulk Offers.

**6. Compensation and Payment**

**6.1 Commission.** As compensation for its services, Liquidator shall receive:
• 25 % of Gross Proceeds from the sale of all non-titled, physical Remaining Personal Property, and
• 10 % of Gross Proceeds from the sale of all titled, intangible, or intellectual-property assets,

excluding Buyer's Premiums and Sales Taxes (the "Commission"). Buyer's Premiums and Sales Taxes shall be separately disclosed to Seller and accounted for by the Liquidator. Liquidator may deduct its Commission from Gross Proceeds before remitting Net Proceeds to Seller. This Section 6.1 survives any expiration or termination of this Agreement.

**6.2 Reimbursable Expenses.** Seller shall reimburse Liquidator for the following Expenses (advanced by Liquidator) whether or not any Remaining Personal Property are sold:

| Category | Flat Fee | or Actual Cost (not to exceed) |
| --- | --- | --- |
| Advertising & Marketing | $ N/A | $ N/A |
| Labor | $ N/A | $ N/A |
| Shipping & Logistics | $ N/A | $ N/A |
| Cleanup & Disposal | $ N/A | $ N/A |

If Gross Proceeds are insufficient to cover the Expenses, Seller shall pay the shortfall immediately upon demand.

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**6.3 Payment of Net Proceeds.** Liquidator shall remit Net Proceeds to Seller (after deduction of Commission and reimbursed Expenses) within ___Fifteen___ (15) business days after completion of the sale and all payments from buyers have cleared.

Payment will be made only to the Seller identified in Section 1 and will be paid by the following method: _____ACH or Wire Transfer_____

**6.4 Disputes**. Liquidator may withhold payment, without liability or risk thereof, if a good-faith dispute exists between a buyer (or a third party) and the Seller until the dispute is resolved.

**7. Representations and Warranties**

**7.1 Seller's Representations and Warranties.** Seller represents and warrants that:

(a) it has the lawful right to sell the Remaining Personal Property and has full power and authority to enter into this Agreement and to grant the authority herein granted to Liquidator, subject to entry of a Sale Approval Order in the Bankruptcy Case;
(b) this Agreement constitutes a legal, valid, and binding obligation of Seller, subject to entry of a Sale Approval Order in the Bankruptcy Case; and
(c) it is not in breach of, and the performance of this Agreement will not cause Seller to be in breach of, any law, regulation, court order, judgment, or contract to which Seller is bound.

**7.2 Liquidator's Representations and Warranties.** Liquidator represents and warrants that:

(a) it has full power and authority to perform its obligations;
(b) it will perform its services in a professional manner consistent with the standards of practice for liquidation services companies and sales agents in the industry; and
(c) this Agreement is a valid and binding obligation.

**8. Limitations of Liability**

**8.1 No Guarantee of Sale.** Liquidator makes no guarantee that any or all Remaining Personal Property will sell or that any particular price will be achieved. Liquidator also makes no guarantee that any or all buyers will pay for the Remaining Personal Property once an agreed upon amount has been reached. Liquidator's sole obligation is to use reasonable commercial efforts.

**8.2 No Guarantee of Pick Up or Removal.** Liquidator makes no guarantee that any or all Remaining Personal Property will be picked up or removed from the Location. In the event that a buyer pays for an item and cannot or does not pick it up, that item or lot will be considered not sold and Seller will not be paid for that item. Seller will always end up

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

with either the net proceeds from the item or the item itself, never both and never neither.

**9. Confidentiality.** Each Party shall keep confidential all non-public information of the other Party disclosed in connection with this Agreement and use it only to perform its obligations. Either Party may disclose information if required by law, provided it gives the other Party prompt notice so that protective relief may be sought. Liquidator acknowledges that a copy of this Agreement will be filed with the Bankruptcy Court in the Bankruptcy Case to obtain entry of an Employment Approval Order.

**10. Term and Termination**

**10.1 Term.** This Agreement begins on the Effective Date and will stay in effect until: (a) the date all Remaining Personal Property have been sold with Net Proceeds paid to Seller and Seller elects to terminate this contract; (b) the expiration date of October 31, 2026; or (c) earlier termination as provided below.

**10.2 Termination.**

(a) **Before any sale or Auction commences:** Seller may terminate upon written notice and payment of (i) the cancellation fee of ($2500.00) and (ii) all Expenses incurred by Liquidator (capped at $7,500).

(b) **After a sale or Auction has commenced:** Seller may terminate only with Liquidator's written consent and payment of the estimated commission that would have been earned ($2500.00). An Auction or sale is deemed to have commenced if the assets have been listed online, bids or offers have been received, or marketing has begun.

(c) **After a sale or Auction has finished:** Seller may terminate this Agreement without cost at any time after a sale or Auction has finished and Seller has been paid the Net Proceeds, so long as Liquidator has received all Commissions, Buyer's Premiums, Expenses, and any other fees or amounts owed to Liquidator by Seller.

(d) **Liquidator's Termination rights:** Liquidator may terminate this Agreement at any time upon written notice to Seller.

**10.3 Effect of Termination.** Upon termination and full payment of all amounts due, Liquidator shall immediately cease all marketing and remove all listings, sales notices or auctions from Liquidator's websites, return any Seller assets, and cooperate in an orderly transition.

**11. Turnover of Net Proceeds from First and Second Auctions and Liquidator Retention of Associated Commissions.** Within seven (7) calendar days of entry of a Turnover Order by the Bankruptcy Case, Liquidator (i) shall turnover and pay to the Trustee the Net Sales Proceeds generated from the First and Second Auctions, and (ii) may retain the Sales Commissions associated with said First and Second Auctions.

Local Liquidators
Auctions - Tag Sales - Buyouts
2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

## 12. General Provisions

**12.1 Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of Arizona, without regard to conflict-of-laws principles. However, any dispute arising under this Agreement shall be adjudicated in and determined by the Bankruptcy Court in the Bankruptcy Case.

**12.2 Entire Agreement; Amendments.** This Agreement, including Attachment A, constitutes the entire understanding of the Parties and supersedes all prior negotiations, understandings, and agreements, whether written or oral. This Agreement may be amended or modified only by a written instrument signed by both parties.

**12.3 Breach and Remedies.** If either Party breaches this Agreement, the non-breaching Party shall be entitled to all remedies available at law or in equity, including specific performance and injunctive relief.

**12.4 Notices.** All notices required under this Agreement shall be in writing and delivered personally, by email with confirmation of receipt, or by certified mail, return receipt requested, to the addresses set forth above. Notices shall be effective upon receipt.

**12.5 Severability.** If any provision of this Agreement is found to be invalid or unenforceable, such provision shall be severed, and the remaining provisions shall continue in full force and effect.

**12.6 Assignment.** Neither Party may assign this Agreement or any rights or obligations hereunder without the prior written consent of the other Party, except that Liquidator may assign its right to Commission to a third party or may use subcontractors for some or all of the labor associated with conducting the sales or auctions.

**12.7 Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Electronic signatures (including DocuSign) are binding.

**12.8 Waiver.** No waiver of any provision or default under this Agreement shall be effective unless in writing and signed by the waiving party. A waiver of any default shall not constitute a waiver of any subsequent default.

**12.9 Survival.** Sections 6.1 (Commission), 8 (Limitations of Liability), 9 (Confidentiality), and 11 (General Provisions) shall survive termination or expiration.

Local Liquidators
Auctions - Tag Sales - Buyouts

2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the Effective Date.

**Liquidator**

**Local Liquidators, LLC**

By: [signature]

Name: Gabriel Prado

Title: Owner

Date: 8-27-26

**Seller**

____________________________________

H. Jason Gold, as Chapter 7 Trustee for Perry E. Adler
in Case No. 25-12714-BFK, pending in the United States
Bankruptcy Court for the Eastern District of Virginia, Alexandria Division

Date: ____________________

**Attachment A** – Description of Remaining Personal Property

*(To be attached and incorporated by reference)*

Local Liquidators
Auctions - Tag Sales - Buyouts

2225 W. Peoria Ave Suite 200
Phoenix, AZ 85029
(602) 875-7336
info@LocalLiquidators.com

**Attachment A (Description of Remaining Personal Property)**

All remaining personal property physically located at the 33425 W Cowboy Clint Way Seligman, AZ 86337

**Important: Liquidation Asset List & Removal Policy:**

Please note the following terms regarding the Remaining Personal Property:

- **Preliminary Remaining Personal Property List:** The above description is preliminary. A finalized list will be created after a physical inventory is completed.
- **Finalized Remaining Personal Property List:** Once the physical inventory is listed online for review and the Seller approves the list, it becomes the official record of the Remaining Personal Property.
- **No Removals:** Once the sale is published online to the public, no items can be removed unless:
    1. Liquidator provides express written consent to remove the item(s), and
    2. Seller pays Liquidator the estimated commission those items would have generated.