**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:**<br>**Perry Everett Adler,**<br>**Debtor.** | )<br>)<br>)<br>) | **Case No. 25-12714-BFK**<br>**Chapter 7 (Converted)** |

**TRUSTEE'S MOTION TO RATIFY PRE-CONVERSION AUCTION SALES OF PERSONAL PROPERTY, DIRECT TURNOVER OF NET SALES PROCEEDS AND AUTHORIZE PAYMENT OF COMPENSATION TO AUCTIONEER**

H. Jason Gold, Trustee ("Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), by and through the undersigned counsel, pursuant to 11 U.S.C. §§105, 542(a) and 330, respectfully requests entry of an Order (i) ratifying certain pre-conversion auction sales conducted by Local Liquidators, LLC, an Arizona limited liability company ("Local Liquidators"), acting as auctioneer for the Debtor, with respect to certain personal property more particularly described below, (ii) directing that Local Liquidators turnover to the Trustee the net sales proceeds generated from the auction sales, and (iii) authorizing Local Liquidators to retain certain amounts as compensation in connection with the pre-conversion sales, and in support thereof states as follows:

1. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 *et seq*. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57), the instant case was converted to a case under Chapter 7 of the Bankruptcy Code. Applicant was appointed trustee on the same date and continues to serve since the meeting of creditors conducted on June 24, 2026.

2. On March 24, 2026, the Debtor, acting as a debtor in possession while the instant case was pending under Chapter 11 of the Bankruptcy Code, entered into an *Exclusive Auction Agreement* (the "Auction Agreement") with Local Liquidators to conduct auction sales with respect to numerous items of personal property (the "Personal Property") stored at the Debtor's rural residential

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

real property located at 33425 W. Cowboy Clint Way, Seligman AZ 86337 (the "Seligman Ranch").[1] At the time of execution, the Debtor did not disclose the pendency of the instant case to Local Liquidators, nor did he seek or obtain Court approval of the *Auction Agreement*.[2]

3. To compensate Local Liquidators for its services, the *Auction Agreement* provided for the payment of a commission of 10% for all intangible assets, intellectual property and titled vehicles, and 25% for all physical non-titled assets. The *Auction Agreement* also contemplated that Local Liquidators would (i) charge a buyer's premium which would be paid directly by each buyer at the auction,[3] and (ii) collect and pay over to the relevant taxing authorities any applicable sales taxes associated with each sale.

4. Acting under the terms of the *Auction Agreement* and without knowledge of the pendency of the instant case, Local Liquidators inventoried and divided the Personal Property for the purpose of conducting four separate online auctions. Two of the four online auctions were completed as follows:

a. On April 30, 2026, Local Liquidators conducted and completed an auction sale of vehicles, tools and sporting goods, Auction ID No. 23324 (the "First Auction"), generating net proceeds of **$70,488.77**, after commissions of **$23,356.22**; and

b. On May 7, 2026, Local Liquidators conducted and completed an auction sale of farm, equestrian equipment and other items, Auction ID No. 23422 (the "Second Auction"), generating net proceeds of **$50,359.50**, after commissions of **$16,757.03**.

---

[1] On April 28, 2026, Local Liquidators separately entered into an *Exclusive Auction Agreement* (the "Mrs. Adler Auction Agreement") with Jintana Adler ("Mrs. Adler"), the Debtor's ex-wife, to sell her own personal property located at the Seligman Ranch. It is unclear whether and to what extent the personal property sold in connection with the *Mrs. Adler Auction Agreement* belonged to the Debtor's bankruptcy estate and nothing in this Motion is intended to prejudice the right of the Trustee to investigate and potentially recover the proceeds of any associated sales conducted thereunder.

[2] On April 13, 2026, Debtor filed a *Motion for Sale of Property of the Estate Under Section 363* (Docket No. 43) (the "Motion to Consign"), seeking authority to consign certain personal property items with The Real Real, an entity unaffiliated with Local Liquidators. On May 6, 2026, following a hearing conducted on May 5, 2026, the Court entered an *Order* (Docket No. 50) denying the *Motion to Consign* for failure of counsel to appear at the hearing. No other authority to sell property was sought or obtained by the Debtor.

[3] Local Liquidators charged each buyer a buyer's premium of 15% of the purchase price for each item.

Local Liquidators is presently holding the aggregate sum of **$160,961.52**, consisting of net sales proceeds of **$120,848.27** (the "Net Sales Proceeds"), sales commissions of **$40,113.25** (the "Sales Commissions").

5. Local Liquidators has also received and is holding a total of **$24,109.20** (the "Buyer's Premiums") in buyer's premiums generated from the First and Second Auction sales and has collected and paid over to relevant taxing authorities the sum of **$8,062.41** (the "Sales Taxes") for sales taxes generated in connection with the sales of taxable items. The Trustee has received and reviewed reports from Local Liquidators which summarize and detail the Sales Taxes collected and paid in connection with each taxable item sold.

6. Following completion of the Second Auction, Local Liquidators was contacted by counsel for Amaryllis, Inc., a secured creditor herein, advising of the pendency of the instant case. Upon learning of the case, Local Liquidators immediately ceased all further sale activities and has fully cooperated with the Trustee in providing full information with respect to all auction efforts, conducted or planned.

7. There remains a substantial amount of unsold Personal Property at the Seligman Ranch (the "Remaining Personal Property") and the Trustee intends to employ Local Liquidators as his Liquidation Agent in this converted case for the purpose of selling the Remaining Personal Property through an online auction sale, private treaty sale, tag sale, or negotiated bulk offer sale. The Trustee is therefore contemporaneously filing an Application (the "Employment Application") seeking to employ Local Liquidators as his liquidation agent for the purpose of selling the Remaining Personal Property. A separate motion will also be filed seeking approval of the sale process to be employed by the Liquidation Agent with respect to the Remaining Personal Property.

8. In the interim, the Trustee seeks to ratify the sales associated with the First and Second Auctions, formally direct Local Liquidators to turn over all of the Net Sales Proceeds to the Trustee, and authorize Local Liquidators to retain the Sales Commissions and Buyers Premiums generated from those sales. The following grounds exist to support the Trustee's requests:

a. The Trustee believes that the First and Second Auctions were properly advertised and conducted, notwithstanding that they were performed without formal approval from the Court.

b. Hundreds of items were sold in connection with the First and Second Auctions and it would be impractical to treat the sales as void and pursue recovery of each item to permit a subsequent and authorized sale to take place.

c. The First and Second Auction Sales generated net proceeds that are clearly accounted for and held by Local Liquidators. Local Liquidators has fully cooperated in making all information available to the Trustee and is intent on turning over the Net Sales Proceeds once the sales are formally ratified by the Court.

d. The Trustee believes that the Sales Commissions and Buyer's Premiums were reasonable and necessary expenses associated with the liquidation of the Personal Property and would eventually have been incurred by the Trustee even had the Personal Property not already been sold in connection with the First and Second Auctions. Furthermore, the Trustee has taken steps to engage Local Liquidators to sell the Remaining Personal Property on compensation terms that are identical to what was originally provided for in the *Auction Agreement*. Approval of the pending *Employment Application* will be tantamount to approval of the compensation associated with the prior sales.

e. The Trustee is satisfied that Local Liquidators did not have any prior knowledge of the instant case when providing its services under the terms of the *Auction Agreement* and should not be penalized for the Debtor's failure to comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

9. Local Liquidators founder and CEO, Gabriel Prado, has executed a *Declaration* under penalty of perjury which confirms that he and his company had no knowledge of the pendency of this case when pursuing the First and Second Auctions and intends to cooperate in the turnover of the Net Sales Proceeds so long as the prior sales are ratified by the Court.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) ratifying the First and Second Auctions with respect to the Personal Property, (ii) directing that Local

Liquidators turn over the Net Sales Proceeds to the Trustee, (iii) authorizing Local Liquidators to retain the Sales Commissions and the Buyer's Premiums, and (iv) provide such other and further relief as is just and proper.

Dated: August 28, 2026

Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of August, 2026, caused a copy of the foregoing *Motion,* with proposed Order and Exhibits, to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by email and/or first-class mail, postage prepaid, to the following persons:

Joshua Dylan Bradley
Rosenberg Martin Greenberg LLP
Email: jbradley@rosenbergmartin.com
Counsel for Amaryllis, Inc.

Michael T. Freeman, Assistant United States Trustee
Office of the US Trustee
Email: Michael.T.Freeman@usdoj.gov

Daniel M. Press
Law Office of Daniel M. Press
Email: dan@danpress.us
Counsel for Debtor

/s/ Robert M. Marino
Robert M. Marino