**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:**<br>**Perry Everett Adler,**<br>**Debtor.** | )<br>)<br>)<br>) | **Case No. 25-12714-BFK**<br>**Chapter 7 (Converted)** |

**ORDER RATIFYING PRE-CONVERSION AUCTION SALES OF PERSONAL PROPERTY, DIRECTING TURNOVER OF NET SALES PROCEEDS AND AUTHORIZING PAYMENT OF COMPENSATION TO AUCTIONEER**

THIS MATTER came on before the Court upon consideration of the *Motion* (Docket No. ____) filed by H. Jason Gold ("Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), seeking an Order (i) ratifying certain pre-conversion auction sales conducted by Local Liquidators, LLC, an Arizona limited liability company ("Local Liquidators"), acting as auctioneer for the Debtor, with respect to certain personal property more particularly described below, (ii) directing that Local Liquidators turnover the net sales proceeds generated from the auction sales, and (iii) authorizing Local Liquidators to retain certain amounts as compensation in connection with the pre-conversion sales; and it

APPEARING TO THE COURT that on March 24, 2026, the Debtor, acting as a debtor in possession while the instant case was pending under Chapter 11 of the Bankruptcy Code, entered into an *Exclusive Auction Agreement* (the "Auction Agreement") with Local Liquidators to conduct auction sales with respect to numerous items of personal property (the "Personal Property") stored at the Debtor's rural residential real property located at 33425 W. Cowboy Clint Way, Seligman AZ 86337 (the "Seligman Ranch"); and that, at the time of execution, the Debtor did not disclose the pendency of the instant case to Local Liquidators, nor did he seek or obtain Court approval of the *Auction Agreement*; and it

FURTHER APPEARING TO THE COURT that as compensation for Local Liquidators' services, the *Auction Agreement* provided for the payment of a commission of 10% for all intangible assets, intellectual property and titled vehicles, and 25% for all physical non-titled assets; and that the

Robert M. Marino, Esq. VSB#26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-879-2676 (Direct)
Fax: 703-694-5109
Email: rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

*Auction Agreement* also contemplated that Local Liquidators could charge a buyer's premium which would be paid directly by each buyer at the auction and collect and pay over to the relevant taxing authorities any applicable sales taxes associated with each sale; and it

FURTHER APPEARING TO THE COURT that, acting under the terms of the *Auction Agreement* and without knowledge of the pendency of the instant case, Local Liquidators inventoried and divided the Personal Property for the purpose of conducting four separate online auctions; that two of the four online auctions were completed as follows:

a. On April 30, 2026, Local Liquidators conducted and completed an auction sale of vehicles, tools and sporting goods, Auction ID No. 23324 (the "First Auction"), generating net proceeds of $70,488.77, after commissions of $23,356.22; and

b. On May 7, 2026, Local Liquidators conducted and completed an auction sale of farm, equestrian equipment and other items, Auction ID No. 23422 (the "Second Auction"), generating net proceeds of $50,359.50, after commissions of $16,757.03;

and that Local Liquidators is presently holding the aggregate sum of $160,961.52, consisting of net sales proceeds of $120,848.27 (the "Net Sales Proceeds") and sales commissions of $40,113.25 (the "Sales Commissions"); and it

FURTHER APPEARING TO THE COURT that Local Liquidators has also received and is holding a total of $24,109.20 (the "Buyer's Premiums") in buyer's premiums generated from the First and Second Auction sales and has collected and paid over to relevant taxing authorities the sum of $8,062.41 (the "Sales Taxes") for sales taxes generated in connection with the sales of taxable items; and that the Trustee has received and reviewed reports from Local Liquidators which summarize and detail the Sales Taxes collected and paid in connection with each taxable item sold

FURTHER APPEARING TO THE COURT that, following completion of the Second Auction, Local Liquidators was contacted by counsel for Amaryllis, Inc., a secured creditor herein, advising of the pendency of the instant case; and that upon learning of the instant case, Local Liquidators immediately ceased all further sale activities and has fully cooperated with the Trustee in providing full information with respect to all auction efforts, conducted or planned; and it

FURTHER APPEARING TO THE COURT that under the facts and circumstances presented in this case, good cause exists to ratify the sales associated with the First and Second Auctions, formally direct Local Liquidators to turn over all of the Net Sales Proceeds to the Trustee, and authorize Local Liquidators to retain the Sales Commissions and Buyers Premiums generated from those sales; it is, therefore

ORDERED, that the *Motion* be, and it hereby is, GRANTED; that the First and Second Auctions be, and they hereby are, ratified and confirmed; that Local Liquidators is directed to turn over to the Trustee all of the Net Sales Proceeds ($120,848.27) within seven (7) days of the date of entry of this Order; and that Local Liquidators is expressly authorized to retain all Sales Commissions ($40,113.25) and Buyer's Premiums ($24,109.20) associated with the First and Second Auctions.

Dated:

________________________________
Brian F. Kenney
Chief Judge

I ASK FOR THIS:

/s/Robert M. Marino
Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

SEEN AND APPROVED:

________________________________
Michael T. Freeman, Assistant United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

**CERTIFICATION PURSUANT TO LOCAL RULE 9022-1: ENDORSEMENT**

I HEREBY CERTIFY that all necessary parties have endorsed the above-referenced order.

/s/ Robert M. Marino
Robert M. Marino

Copies to:

H. Jason Gold, Trustee
PO Box 57359
Washington, DC 20037

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Robert M. Marino, Esquire
Redmon, Peyton & Braswell, L.L.P.
510 King Street, #301
Alexandria, VA 22314

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101

Gabriel Prado, Founder and CEO
Local Liquidators, LLC
2225 W. Peoria Ave., Ste 200
Phoenix, Arizona, 85029