**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:**<br>**Perry Everett Adler,**<br>**Debtor.** | )<br>)<br>)<br>) | **Case No. 25-12714-BFK**<br>**Chapter 7 (Converted)** |

**TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT AUCTION SALE, PRIVATE TREATY SALE, TAG SALE, AND/OR NEGOTIATED BULK OFFER SALE OF PERSONAL PROPERTY**

H. Jason Gold, Trustee ("Trustee"), the duly appointed Chapter 7 trustee for Perry Everett Adler ("Debtor"), by and through the undersigned counsel, pursuant to 11 U.S.C. §363(b) and Federal Rules of Bankruptcy Procedure 6004, respectfully requests entry of an Order authorizing the Trustee, through his approved auctioneer, to conduct an auction sale, private treaty sale, tag sale, and/or negotiated bulk offer sale of certain items of personal property, more particularly described below, and in support thereof states as follows:

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(N) and (O). Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §363.

2. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 *et seq*. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57), the instant case was converted to a case under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on the same date and continues to serve since the meeting of creditors conducted on June 24, 2026.

3. Prior to the Conversion Date, the Debtor engaged Local Liquidators, LLC, an Arizona limited liability company ("Local Liquidators"), to conduct auction sales with respect to numerous items

Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

of personal property (the "Personal Property") stored at the Debtor's rural residential real property located at 33425 W. Cowboy Clint Way, Seligman AZ 86337 (the "Seligman Ranch").[1] Auction sales were conducted and completed on April 30 and May 7, 2026.[2] However, not all of the Personal Property located at the Seligman Ranch was sold.

4. There remains a substantial amount of unsold Personal Property at the Seligman Ranch (the "Remaining Personal Property"). The Remaining Personal Property is unencumbered by any known liens.

5. By *Order* entered September 2, 2026 (Docket No. 120) (the "Engagement Order"), the Trustee was authorized to employ Local Liquidators as his liquidating agent in this case for the purpose of conducting an online auction sale, private treaty sale, tag sale, or negotiated bulk offer sale of the Remaining Personal Property. Local Liquidators will conduct sell each item of Personal Property to the highest cash offeror. The Auctioneer will commence his marketing efforts immediately following the filing of this *Motion* but will only conclude the auction and consummate the sale of the Personal Property following the entry of an order approving this *Motion*.

6. The highest cash offeror for each item of Personal Property will be considered a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

7. Pursuant to the terms of the Engagement Order, Local Liquidators will be compensated by payment of a commission equal to (i) 10% of the purchase price for all intangible assets, intellectual property and titled vehicles (there are no known intangible assets or titled vehicles at the Seligman Ranch), and (ii) 25% of the purchase price for all physical non-titled assets (collectively, the

---

[1] The Debtor did not disclose the pendency of the instant case to Local Liquidators when he engaged them, nor did he seek or obtain Court approval of Local Liquidators' engagement.

[2] The Debtor did not obtain court approval of the sales. The Trustee has filed a *Motion To Ratify Pre-Conversion Auction Sales Of Personal Property, Direct Turnover Of Net Sales Proceeds And Authorize Payment Of Compensation To Auctioneer* (Docket No. 117) (the "Ratification Motion"). A hearing on the Ratification Motion is presently scheduled for September 29, 2026, at 9:30 a.m.

"Liquidator's Compensation"). Local Liquidators will also collect and pay all relevant sales taxes ("Sales Taxes").

8. Following completion of the sale(s) of the Remaining Personal Property, Local Liquidators will pay over to the Trustee all net proceeds of sale after paying the Liquidators' Compensation and all Sales Taxes.

9. Following closing, the Trustee will file a report of sale in this case.

10. Section 363(b) of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), permits a trustee to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. §363(b).

11. The bankruptcy court's power to authorize a sale under section 363(b) is an exercise of its discretion. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corporation)*, 722 F.2d 1063 (2d Cir. 1983). Factors to be considered in determining whether to approve a sale of assets under section 363(b) include: (i) whether a sound business reason exists for the proposed transaction, (ii) whether fair and reasonable consideration is being provided, (iii) whether the transaction has been proposed and negotiated in good faith, and (iv) whether adequate and reasonable notice has been provided. See e.g., *In re Ewell*, 958 F.2d 275 (9th Cir. 1992) (affirming sale where price was fair and reasonable and buyer was good faith purchaser).

12. In this case, the Trustee is charged with liquidating the assets of the bankruptcy estate and therefore has a sound business reason for selling the Remaining Personal Property. The proposed auction sale, private treaty sale, tag sale, and/or negotiated bulk offer sale is designed to attract multiple potential buyers from the general public so as to create a competitive bidding environment and net the highest and best price for the Remaining Personal Property. All sales will be conducted at arm's length and in good faith.

13. Notice of this sale will be provided in accordance with the requirements of Bankruptcy Rule 6004(a) and 2002(a)(2) and (c).

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court (a) enter an Order (i) approving the proposed auction sale, private treaty sale, tag sale, and/or negotiated bulk

offer sale of the Remaining Personal Property, and (ii) authorizing the payment of the Liquidators' Compensation and the Sales Taxes at closing, and (b) provide such other and further relief as it deems just and proper.

Dated: September 4, 2026

Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. (VSB #26076)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September, 2026, I served a copy of the foregoing, including the attached proposed Order, through the court's CM/ECF system on all registered users who have appeared in this case.

/s/ Robert M. Marino
Robert M. Marino