**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:**<br>**Perry Everett Adler,**<br>**Debtor.** | **Case No. 25-12714-BFK**<br>**Chapter 7 (Converted)** |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR**
**OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**
**(6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305)**

H. Jason Gold ("Gold" or "Trustee"), the duly appointed, qualified and acting Chapter 7 Trustee herein for Perry Everett Adler (the "Debtor"), pursuant to 11 U.S.C. §363(b) and (f), Federal Rules of Bankruptcy Procedure 6004, 9014 and 2002(a)(2) and (c), and Local Rules 6004-1, 6004-2, respectfully requests entry of an Order authorizing the sale of improved residential real property, more particularly described below, free and clear of any and all liens, claims, encumbrances and interests, with all valid liens, claims, encumbrances and interests attaching to the proceeds of sale, and in support thereof respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(N) and (O). Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§363 and 105.

**Background**

2. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. By *Consent Order* entered May 20, 2026 (Docket No. 57), the case was converted to a case under Chapter 7. Gold was appointed as Chapter 7 Trustee in this case on

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

the same date, and continues to serve in that capacity following the conclusion of the meeting of creditors conducted on June 24, 2026.

3. On the Petition Date, Debtor was the sole owner of improved residential real property located at 6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305, having a legal description of Lot 22, Block E of the subdivision of Parcel 3, Section 1-A, Bucknell Manor, Tax ID No. 0931 23E 0022 (the "Property"). The Property is improved by a single-family residence. The Debtor acquired sole title to the Property by *Deed* dated June 28, 2012.

4. The Property is encumbered by the following liens of record—

a. A first position consensual lien evidenced by a *Deed of Trust* dated August 2, 2006, and recorded August 3, 2006, as Instrument No. 2006024717.003 (the "First Deed of Trust") among the Fairfax County Land Records (the "Land Records"), securing a *Promissory Note* dated August 2, 2006, from the Debtor, as maker, to the order of American Home Mortgage ("American"), in the original principal amount of $418,005,000, as assigned from Mortgage Electronic Registration Systems, Inc., as nominee for American, to Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14 ("Deutsche") by *Notice of Corporate Assignment of Deed of Trust* dated August 1, 2025, and recorded August 7, 2025, as Instrument No. 2025042014.001 among the Land Records. Based upon information contained in a lift stay motion filed by NewRez LLC, Deutsche's servicer, on July 15, 2026 (Docket No. 90), the amount owed with respect to the *First Deed of Trust* is expected to be not less than $389,213.18 through October 20, 2026, with interest accruing at a daily rate of $42.27 (the "Deutsche Payoff Amount").

b. A second position consensual lien evidenced by a *Deed of Trust* dated August 23, 2025, and recorded November 12, 2025, as Instrument No. 2025062066.001 (the "Second Deed of Trust") among the Land Records, securing a *Promissory Note* dated August 23, 2025, from the Debtor, as maker, to the order of Amaryllis, Inc. ("Amaryllis"), in the original principal amount of $800,000. The amount owed to Amaryllis as of the Petition Date is not less than $800,000.

5. Real estate taxes for the Property are paid through the first half of 2026.

6. The Debtor in Schedule C of the *Schedule of Assets and Liabilities* filed in this case (Docket

No. 19) has claimed an exemption of $50,000 (the "Exemption Claim") under the homestead provisions of Virginia Code §34-4. However, there is no equity in the Debtor's ownership interest above and beyond the consensual liens evidenced by the *First* and *Second Deeds of Trust*. As such, the Exemption Claim has no force or effect in this case.

7. On August 4, 2026, the Court entered an *Order* (Docket No. 98) authorizing the Trustee to employ Stephen Karbelk, with the support of Stephanie Young and Robert Walters, as the real estate agent and team leader of RealMarkets and their affiliated broker, Century 21 New Millennium (collectively, "Agent/Broker"), as the Trustee's real estate agent and broker for the purpose of marketing the Property for sale. The Broker has been expressly prohibited from acting as a designated or dual agent in this case.

8. The Trustee has now entered into a *Residential Sales Contract* (the "Sales Contract") dated September 14, 2026, and ratified on September 16, 2026, whereby he has agreed to sell the Property to Ahmed Mohamed Mostafa and Mohamed Elagazy ("Purchasers") for the total purchase price of $575,000 (the "Purchase Price"), with a seller subsidy of $1,000 to be applied to the purchaser's closing costs. RL Title & Escrow of Vienna, as Settlement Agent, is holding an earnest money deposit of $8,000 from the Purchasers. The *Sales Contract* is subject to Bankruptcy Court approval and there is no financing contingency. The Property is being sold in "as-is, where-is" condition and is subject to higher and better offers. Title will be conveyed by special warranty deed. A copy of the *Sales Contract*, which has been signed by the Trustee, is attached and incorporated by reference as Exhibit A.

9. The *Sales Contract* was negotiated at arm's length and the Purchasers have no connection with the bankruptcy estate or any creditor in this case. The Purchasers are not "insiders" of the Debtor as that term is defined in 11 U.S.C. § 101(31).

10. The sale of the Property to the Purchasers will produce net proceeds that are sufficient, after satisfaction of all unpaid real estate taxes and costs of sale, to pay in full the valid consensual lien evidenced by the *First Deed of Trust*. However, the remaining net proceeds generated from the Property will only be sufficient to pay a small portion of the *Second Deed of Trust*. The Trustee therefore commenced discussions and negotiations with Amaryllis to obtain its consent to the sale of the Property free and clear of its consensual lien.

11. Amaryllis is expected to consent to the sale of the Property, free and clear of the lien of the *Second Deed of Trust*, conditioned on its receipt at closing of the net proceeds generated from the Property (estimated at $101,000) (the "Amaryllis Payment"), after payment of (i) all unpaid real estate taxes, (ii) all costs of sale, (iii) the sum of up to $500 (the "RealMarkets Reimbursement") to reimburse RealMarkets for any expenses incurred for title search, utilities and/or other expenses associated with the Property, (iv) the full amount owed in connection with the *First Deed of Trust* (approximately $389,213.18) (the "First Trust Payoff"), and (v) the sum of $46,000 (the "Bankruptcy Carveout") to the Trustee, which will be held pending further order of the Court. Amaryllis' consent will be evidenced by the eventual endorsement of its counsel to the proposed Order submitted with this *Motion*.

**Relief Requested**

12. By this *Motion*, the Trustee seeks approval of the terms and conditions of the *Sales Contract*, including authority to convey the Property to the Purchasers, free and clear of any and all liens, claims, encumbrances and interests, with all known valid liens, claims, encumbrances and interests (namely, the liens of the *First Deed of Trust* and the *Second Deed of Trust*) attaching to the proceeds of sale in the same order of priority as they attached prepetition to the Property.

13. The Trustee would propose to distribute the proceeds of sale from the Property at closing to pay (i) all unpaid real estate taxes, (ii) all costs of sale, including a brokerage fee of five and one-half percent (5.5%) of the Purchase Price, with three percent (3.0%) paid to the Agent/Broker and two and one-half percent (2.5%) paid to Compass Real Estate ("Buyer's Agent"), the Purchasers' agent, (iii) the RealMarkets Reimbursement to RealMarkets, (iv) the First Trust Payoff to Deutsche or its authorized servicer, (v) the Amaryllis Payment to Amaryllis or its authorized servicer, and (vi) the Bankruptcy Carveout to the Trustee. The Bankruptcy Carve-Out will be held on behalf of the bankruptcy estate subject to further Order of the Bankruptcy Court.

**Argument**

14. Section 363(b) of the Bankruptcy Code permits a trustee to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. §363(b). Further, section 105(a) of the Bankruptcy Code allows a bankruptcy court to "issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

15. The bankruptcy court's power to authorize a sale under section 363(b) is an exercise of its discretion. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corporation)*, 722 F.2d 1063 (2d Cir. 1983). Factors to be considered in determining whether to approve a sale of assets under section 363(b) include: (i) whether a sound business reason exists for the proposed transaction, (ii) whether fair and reasonable consideration is being provided, (iii) whether the transaction has been proposed and negotiated in good faith, and (iv) whether adequate and reasonable notice has been provided. *See e.g., In re Ewell*, 958 F.2d 275 (9th Cir. 1992) (affirming sale where price was fair and reasonable and buyer was good faith purchaser).

16. In this case, the Trustee is charged with liquidating the assets of the bankruptcy estate and therefore has a sound business reason for selling the Property. The Trustee is advised by his Realtor that the consideration offered by the Purchasers is fair and reasonable. The terms of sale were negotiated at arms length and in good faith. Adequate and reasonable notice is being provided as set forth below.

17. Pursuant to the provisions of section 363(f) of the Bankruptcy Code, the Trustee proposes to sell the Property free and clear of all liens, claims, encumbrances, and interests, with any valid liens, claims, encumbrances, and interests attaching to the proceeds of sale in the same order of priority as they attached prepetition to the Property. As noted above, the only known liens encumbering the Property are the liens evidenced by the *First Deed of Trust* and the *Second Deed of Trust*. There are no other known liens encumbering the Property.

18. There are five alternative bases for selling property free and clear of any interest in such property under section 363(f) of the Bankruptcy Code: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19. In this case, Deutsche, the holder of the *First Deed of Trust,* is deemed to consent because it will be paid in full at closing on the sale of the Property. 11 U.S.C. §363(f)(2). Furthermore, Amaryllis, the

holder of the *Second Deed of Trust,* is expected to expressly consent to the sale of the Property free and clear of its consensual lien on the terms and conditions specified above. 11 U.S.C. §363(f)(2). As such, the Trustee has the consent of all lienholders to sell the Property free and clear of their respective liens.

20. Notice of this sale will be provided in accordance with the requirements of Bankruptcy Rules 6004(a) and (c) and 2002(a)(2) and (c).

21. To avoid the additional accrual of interest on the *First Deed of Trust*, the Trustee would like to proceed to closing as soon as possible after entry of an approval order granting the relief requested in this *Motion*. In order to permit a swift closing on the *Sales Contract*, the Trustee would request that the Court waive the fourteen-day stay provided by Bankruptcy Rule 6004(h).

**Conclusion**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter an Order (a) approving the terms and conditions of the *Sales Contract* and authorizing the sale of the Property to the Purchasers, free and clear of all liens, claims, encumbrances and interests, with all valid liens, claims, encumbrances and interests attaching to the proceeds of sale, (b) authorizing the disbursement of the proceeds of sale at closing to pay (i) all unpaid real estate taxes, (ii) all costs of sale, including a brokerage fee of five and one-half percent (5.5%) of the Purchase Price, with three percent (3.0%) paid to the Agent/Broker and two and one-half percent (2.5%) paid to Buyer's Agent, (iii) the RealMarkets Reimbursement to RealMarkets, (iv) the First Trust Payoff to Deutsche or its authorized servicer, (v) the Amaryllis Payment to Amaryllis or its authorized servicer, and (vi) the Bankruptcy Carveout to the Trustee, which shall be held pending further Order of the Court; and (c) providing such other and further relief as the Court deems just and proper.

Dated: September 24, 2026

Respectfully Submitted,
/s/ Robert M. Marino

Robert M. Marino, Esq. VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-879-2676 (Direct)
Fax: 703-684-5109
email: rmmarino@rpb-law.com
Counsel for H. Jason Gold, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 24th day of September, 2026, caused a copy of the foregoing *Motion*, with proposed Order and Exhibit, to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by email and/or first-class mail, postage prepaid, to the following persons, including persons who are believed to hold liens of record on or interests in the subject Property:

Eric P. Kelner, Esq.
Hill Wallack LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543
Email: ekelner@hillwallack.com
Counsel for NewRez LLC, as servicer for Deutsche Bank National Trust Company as Trustee for HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14

Joshua Dylan Bradley
Rosenberg Martin Greenberg LLP
25 S. Charles St., 21st Floor
Baltimore, MD 21201
Email: jbradley@rosenbergmartin.com
Counsel for Amaryllis, Inc.

Daniel M. Press, Esq.
Law Office of Daniel M. Press
201 Washington St
Cumberland, MD 21502
Email: dan@danpress.us
Counsel for Debtor

Perry Everett Adler
6528 Cavalier Drive
Alexandria, VA 22307
Debtor

Office of the US Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Email: Michael.T.Freeman@usdoj.gov

/s/Robert M. Marino
Robert M. Marino