**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 25-12714-BFK** |
| **Perry Everett Adler,** | ) | **Chapter 7 (Converted)** |
| **Debtor.** | ) | |

**ORDER APPROVING TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**
**(6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305)**

THIS MATTER came on before the Court upon the *Trustee's Motion To Sell Real Property Free and Clear of All Liens, Claims, Encumbrances And Interests (6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305)* (Docket No. _____) (the "Motion") filed by H. Jason Gold ("Trustee"), the duly appointed, qualified and acting Chapter 7 Trustee herein for Perry Everett Adler (the "Debtor"), pursuant to 11 U.S.C. §363(b) and (f), Federal Rules of Bankruptcy Procedure 6004, 9014, 2002(a)(2) and (c), and 9019(a), and Local Rules 6004-1, 6004-2, seeking an Order authorizing the sale of improved residential real property, more particularly described below, free and clear of any and all liens, claims, encumbrances and interests, with all valid liens, claims, encumbrances and interests attaching to the proceeds of sale;; and it

APPEARING TO THE COURT that the Debtor is the sole owner of improved residential real property located at 6528 Cavalier Dr, Alexandria, Fairfax County, Virginia 22307-1305, having a legal description of Lot 22, Block E of the subdivision of Parcel 3, Section 1-A, Bucknell Manor, Tax ID No. 0931 23E 0022 (the "Property"); and it

FURTHER APPEARING TO THE COURT that the Property is encumbered by the following liens of record:

a. A first position consensual lien evidenced by a *Deed of Trust* dated August 2, 2006, and recorded August 3, 2006, as Instrument No. 2006024717.003 (the "First Deed of Trust") among the Fairfax County Land Records (the "Land Records"), securing a *Promissory Note* dated August 2, 2006, from the Debtor, as maker, to the order of American Home Mortgage ("American"), in the original principal amount of

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

$418,005,000, as assigned from Mortgage Electronic Registration Systems, Inc., as nominee for American, to Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-14 ("Deutsche") by *Notice of Corporate Assignment of Deed of Trust* dated August 1, 2025, and recorded August 7, 2025, as Instrument No. 2025042014.001 among the Land Records; and

b. A second position consensual lien evidenced by a *Deed of Trust* dated August 23, 2025, and recorded November 12, 2025, as Instrument No. 2025062066.001 (the "Second Deed of Trust") among the Land Records, securing a *Promissory Note* dated August 23, 2025, from the Debtor, as maker, to the order of Amaryllis, Inc. ("Amaryllis"), in the original principal amount of $800,000; and it

FURTHER APPEARING TO THE COURT that the Trustee has entered into a *Residential Sales Contract* (the "Sales Contract") dated September 14, 2026, and ratified on September 16, 2026, whereby he has agreed to sell the Property to Ahmed Mohamed Mostafa and Mohamed Elagazy ("Purchasers") for the total purchase price of $575,000 (the "Purchase Price"), with a seller subsidy of $1,000 to be applied to the Purchasers' closing costs, all subject to the approval of this Court; that the Property is being sold in "as-is, where-is" condition and is subject to higher and better offers; and that title will be conveyed by special warranty deed; and it

FURTHER APPEARING TO THE COURT that the Debtor has claimed an exemption of $50,000 (the "Homestead Exemption") under the homestead provisions of Virginia Code §34-4; that there is no equity in the Debtor's ownership interest above and beyond the consensual liens evidenced by the *First* and *Second Deeds of Trust*; and that the Exemption Claim has no force or effect in this case; and it

FURTHER APPEARING TO THE COURT that the sale of the Property to the Purchasers will produce net proceeds that are sufficient, after satisfaction of all unpaid real estate taxes and costs of sale, to pay in full the valid consensual lien evidenced by the *First Deed of Trust*; and that the remaining net proceeds generated from the Property will only be sufficient to pay a small portion of the *Second Deed of Trust*; and it

FURTHER APPEARING TO THE COURT that Amaryllis, as evidenced by the endorsement of its counsel to this *Order*, has consented to the sale of the Property, free and clear of the lien of the *Second Deed of Trust*, conditioned on its receipt at closing of the net proceeds generated from the Property (estimated at

$101,000) (the “Amaryllis Payment”), after payment of (i) all unpaid real estate taxes, (ii) all costs of sale, (iii) the sum of up to $500 (the “RealMarkets Reimbursement”) to reimburse RealMarkets, the Trustee’s approved real estate agent, for any expenses incurred for title search, utilities and/or other expenses associated with the Property, (iv) the full amount owed to Deutsche or its authorized servicer in connection with the *First Deed of Trust* (approximately $389,213.18) (the “First Trust Payoff”), and (v) the sum of $46,000 (the “Bankruptcy Carveout”) to the Trustee, which will be held pending further order of the Court; and it

FURTHER APPEARING TO THE COURT that the proposed sale is a sound and proper exercise of the Trustee’s business judgment; that the terms of the *Sales Contract* were negotiated at arm’s length and in good faith; and that Purchasers are good faith purchasers entitled to the protections of 11 U.S.C. §363(m); and it

FURTHER APPEARING TO THE COURT that good cause exists pursuant to 11 U.S.C. §363(f)(2) to authorize the sale of the Property free and clear of all liens, claims, encumbrances and interests, with all valid liens, claims, encumbrances, and interests attaching to the proceeds of sale because (i) Deutsche, the holder of the *First Deed of Trust*, is deemed to consent because it will be paid in full at closing on the sale of the Property, and (ii) Amaryllis, the holder of the *Second Deed of Trust,* has expressly consent to the sale of the Property free and clear of its consensual lien on the terms and conditions specified above; and it

FURTHER APPEARING TO THE COURT that notice of the *Motion* has been properly and sufficiently provided to all parties in this case, as required by the Federal Rules of Bankruptcy Procedure, and that the *Motion* has been properly served on all known lienholders in this case; it is, therefore

ORDERED that the *Motion* be, and it hereby is, GRANTED; that the terms and conditions of the *Sales Contract* are approved in all respects; that the Trustee is authorized to sell the Property to the Purchasers, free and clear of all liens, claims, encumbrances and interests, including the liens created by the *First Deed of Trust* and the *Second Deed of Trust*, with all valid liens, claims, encumbrances and interests attaching to the proceeds of sale in the same order of priority; and that the Trustee is authorized to take any and all actions reasonably calculated to consummate the sale of the Property to the Purchasers, including but not limited to the execution and delivery of a special warranty deed; and it is

FURTHER ORDERED that, at closing on the sale of the Property, the settlement agent is authorized

to disburse the proceeds of sale to pay (i) all unpaid real estate taxes, (ii) all costs of sale, including a brokerage fee of five and one-half percent (5.5%) of the Purchase Price, with three percent (3.0%) paid to the Century 21 New Millennium, the Trustee's approved Agent/Broker, and two and one-half percent (2.5%) paid to Compass Real Estate, the Purchasers' agent, (iii) the RealMarkets Reimbursement to RealMarkets, (iv) the First Trust Payoff to Deutsche or its authorized servicer, (v) the Amaryllis Payment to Amaryllis or its authorized servicer, and (vi) the Bankruptcy Carveout to the Trustee, which shall be held pending further Order of the Court; and it is

FURTHER ORDERED that the 14-day stay provided by Bankruptcy Rule 6004(h) is hereby waived.

Dated:

______________________________________
Honorable Brian F. Kenney
Chief Judge

I ask for this:
/s/ Robert M. Marino
Robert M. Marino, Esq. VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-879-2676 (Direct)
Fax: 703-684-5109
Email: rmmarino@rpb-law.com
Counsel for H. Jason Gold, Chapter 7 Trustee

Seen and Agreed:

______________________________________
Joshua D. Bradley VSB #83096
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, MD 21201
Telephone: (410) 727-6600
Facsimile: 410-727-1115
Email: jbradley@rosenbergmartin.com
Counsel for Amaryllis, Inc.

**CERTIFICATION OF ENDORSEMENT BY ALL NECESSARY PARTIES**

I hereby certify that the foregoing order has been endorsed by all necessary parties.

/s/ Robert M. Marino
Robert M. Marino

Copies to:

Robert M. Marino, Esq.
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314

Eric P. Kelner, Esq.
Hill Wallack LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543

Joshua Dylan Bradley
Rosenberg Martin Greenberg LLP
25 S. Charles St., 21st Floor
Baltimore, MD 21201

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Daniel M. Press, Esq.
Law Office of Daniel M. Press
201 Washington St
Cumberland, MD 21502

Perry Everett Adler
6528 Cavalier Drive
Alexandria, VA 22307