**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **PERRY E. ADLER** | **Case no. 25-12714-BFK** |
| **Debtor** | **Chapter 11** |

**Application for Compensation by former Counsel for Debtor**

COMES NOW, the undersigned counsel (the “Applicant”), and hereby requests entry of an order approving compensation for the work he performed in this chapter 11 case. By this application, the Applicant requests that the court allow an administrative claim for legal fees in the amount of **$11,868.00**. The Applicant is not requesting reimbursement for any expenses incurred. The Applicant does not charge for travel time or any expenses incidental to his work outside of litigation related expenses. The Applicant submits this application pursuant to Section 330 and 503 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 2016, and states as follows:

1. Perry E. Adler (the “Debtor”) filed a petition under chapter 11 of the Bankruptcy Code on December 29, 2025.
2. Prior to the filing of the instant case the Debtor retained the Applicant and gave him a retainer of $10,000 as an advance against fees. In addition, the

Debtor paid an additional $1,717.00 to cover the court filing in this case. The filing fee was paid upon the filing of the case. In addition, $800.00 was deemed earned for pre-filing work performed by the Applicant in preparing an "emergency" chapter 11 bankruptcy petition. As a result, $9,200 remains of the Debtor's initial $10,000 retainer.

3. The time period covered by this fee application is from December 29, 2025 through August 24, 2026 when an order allowing the Applicant to withdraw was entered by the Court.
4. This is the Applicant's first and final application for fees.
5. The services rendered by the Applicant are set forth in the time records attached as Exhibit A to this Application. Those records reflect that the Applicant expanded 35.38 hours performing legal services in this case, but 5.71 hours have been deemed non-billable. Legal services were billed at $400 per hour. The $11,868.00 requested therefore does not include the nearly six hours of legal work deemed as non-billable.
6. The services provided by the Applicant were necessary and benefited the Debtor.

1. The Applicant affirms to the Court that the fees requested by this application are for actual, reasonable, and necessary services rendered by the Applicant based on customary fees charged and generally approved by this Court for

services of this nature provided by comparable skilled professionals.

2. The Applicant submits that this application satisfies the lodestar formula and factors set forth in Section 330(a) of the Bankruptcy Code.

3. The Applicant has made no agreement to share any portion of the requested compensation that is the subject of this application with any other person.

WHEREFORE, the Applicant requests that the Court enter an order approving the total compensation requested by the Applicant in the amount of $11,868.00, and further order that the Applicant has now earned the $9,200 currently sitting in the Applicant's trust account, and that the balance of legal fees of $2,668.00 shall be paid by Debtor as an administrative expense upon the entry of this Court's order.

/s/Robert S. Brandt,
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
(703) 342-7330
brandt@brandtlawfirm.com
Former counsel for Debtor

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2026 the foregoing Application for Compensation was served by ECF on all interested parties, and in addition on all creditors listed in the creditor matrix and the Debtor in possession by regular mail.

/s/Robert S. Brandt